915 F.2d 1564
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ida M. JACKSON, Plaintiff-Appellant,
v.
CHARLES COUNTY COMMUNITY COLLEGE, Defendant-Appellee.
Ida M. JACKSON, Plaintiff-Appellant,
v.
CHARLES COUNTY COMMUNITY COLLEGE, Defendant-Appellee.
Ida M. JACKSON, Plaintiff-Appellant,
v.
CHARLES COUNTY COMMUNITY COLLEGE, Defendant-Appellee.
 Nos. 90-2679, 90-2680 and 90-2696.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 28, 1990.
Rehearing and Rehearing In Banc Denied Oct. 22, 1990.
 
 Appeals from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-89-3501-B)
 Ida M. Jackson, appellant pro se.
 Gary Carlson Duvall, Miles & Stockbridge, Towson, Md., for appellees.
 D.Md.
 DISMISSED IN NOS. 90-2679 and 90-2680; AFFIRMED IN NO. 90-2696.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ida M. Jackson brought suit against Charles County Community College, alleging that her termination from employment with the College was discriminatory and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq. Jackson maintained that she was terminated from her position as a secretary because of her race and because she had filed a grievance against her supervisor. Jackson has noted her appeal from the district court's orders (1) granting defendant's motion for stay of discovery pending resolution of its motion to dismiss; (2) denying her motion for injunctive relief pending administrative determination of her discrimination charges and dismissing the action for failure to exhaust administrative remedies; and (3) denying her timely Fed.R.Civ.P. 59(e) motion.
 
 
 2
 The timely appeal following denial of the Rule 59 motion brings before the Court the other two orders from which Jackson noted an appeal. We find that the denial of the motion for stay was not an abuse of discretion. Similarly, there was no abuse of discretion in the denial of the motion for an injunction; the district court properly balanced the hardships in this case and determined that the College should not have to keep Jackson on its payroll pending the outcome of administrative and court actions.
 
 
 3
 The district court correctly found that consideration of Jackson's claims was barred because she had not exhausted administrative remedies. Jackson filed the complaint in this case on December 26, 1989, only 12 days after filing a complaint with the EEOC. Clearly, administrative exhaustion, a prerequisite to maintaining a Title VII court action, had not occurred prior to filing this suit. See 42 U.S.C. Sec. 2000e-5(f)(1). Nor is there anything in the record to suggest that Jackson received a right to sue letter subsequent to the institution of this action. Cf. Neal v. International Ass'n of Machinists Local 2386, 722 F.2d 247, 249-50 (5th Cir.1984). We accordingly affirm the district court's dismissal for want of administrative exhaustion. Appellant's motions for stay pending appeal, for preparation of a transcript at government expense, and for admission of an exhibit are denied.
 
 
 4
 As our review of the record and other materials before us indicates that it would not aid the decisional process, we dispense with oral argument.
 
 
 5
 No. 90-2679, DISMISSED.
 
 
 6
 No. 90-2680, DISMISSED.
 
 
 7
 No. 90-2696, AFFIRMED.